Filed 10/17/24  P. v. Juarez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>RIGOBERTO JUAREZ,<br><br>        Defendant and Appellant. | B335287<br><br>(Los Angeles County<br>Super. Ct. No. BA261257) |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Reversed.

Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

In 2005, a jury convicted Rigoberto Juarez of first degree murder (Pen. Code,[1] § 187, subd. (a)), conspiracy to commit murder (§ 182, subd. (a)(1)), and three counts of attempted premeditated murder (§§ 187, subd. (a), 664), all committed when he was 17 years old. The jury further found Juarez personally used a firearm in the commission of the offenses (§ 12022.53, subds. (b), (c), (d)) and committed them for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). The court sentenced Juarez to 70 years to life in prison.

In 2023, Juarez filed a petition for recall and resentencing pursuant to section 1170, subdivision (d) (section 1170(d)). That statute permits "a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole" (LWOP) and who "has been incarcerated for at least 15 years, . . . [to] submit to the sentencing court a petition for recall and resentencing." (§ 1170(d)(1)(A).)[2] Juarez's resentencing petition asserted he had served more than 15 years of a sentence functionally equivalent to LWOP and met three of the four criteria under section 1170(d)(2) for resentencing: he did not have any prior juvenile adjudications for felony crimes with a significant potential for personal harm to victims (§ 1170(d)(2)(B)); he committed the offenses at issue with an

---

[1] All unspecified statutory references are to the Penal Code.

[2] Defendants convicted of homicide offenses where they tortured their victim, or where the victim was a public safety official, another law enforcement officer, or a firefighter are ineligible. (§ 1170(d)(1)(B).) It is undisputed these exclusions do not apply to Juarez.

adult codefendant (§ 1170(d)(2)(C)); and he had performed post-conviction rehabilitative acts including participation in programs, vocational training, and earning his GED, and was remorseful for his actions (§ 1170(d)(2)(D)).  Juarez contended he was eligible for relief because the court had meted out the functional equivalent of an LWOP sentence, and to the extent section 1170(d) was limited only to explicit LWOP sentences it violated his right to equal protection.

The trial court denied the petition.  The trial court did not examine or weigh the evidence submitted by Juarez, finding him statutorily ineligible for relief because he was not given an explicit LWOP sentence.  The court further held that limiting section 1170(d) to explicit LWOP sentences did not violate Juarez's right to equal protection.

Juarez now appeals.  He first argues section 1170(d)'s language stating that it applies to offenses "for which the defendant was sentenced to imprisonment for life without the possibility of parole" (*id*., subd. (d)(1)(A)) includes not only juveniles sentenced to an explicitly designated LWOP term but also juveniles sentenced to multiple terms that in the aggregate constitute the functional equivalent of an LWOP sentence.  Juarez provides no persuasive basis for us to disagree with the conclusion in *People v. Heard* (2022) 83 Cal.App.5th 608 that "section 1170[(d)(1)(A)] limits eligibility to petition for recall and resentencing to juvenile offenders sentenced to an explicitly designated life without parole term."  (*Id.* at p. 626.)  We accordingly adopt *Heard*'s reasoning on the scope of what sentences are eligible for relief under section 1170(d) as written.

Juarez further argues section 1170(d) violates equal protection by denying relief to juvenile offenders sentenced to the

functional equivalent of LWOP.  The Courts of Appeal to consider this equal protection argument have agreed with Juarez's position.  (*People v. Sorto* (2024) 104 Cal.App.5th 435; *People v. Heard*, *supra*, 83 Cal.App.5th 608).  After *Sorto* was decided, the Attorney General withdrew its arguments in this appeal that *Heard* was wrongly decided, that section 1170(d) does not violate equal protection by limiting relief to offenders sentenced to express LWOP terms, and that Juarez's sentence of 70 years to life is not the functional equivalent of LWOP.

We agree that Juarez's sentence of 70 years to life is the functional equivalent of LWOP for purposes of section 1170(d).  (See *People v. Sorto*, *supra*, 104 Cal.App.5th at pp. 447-448; *People v. Heard*, *supra*, 83 Cal.App.5th at p. 629.)  Further, "like the court[s] in *Heard* [and *Sorto*], we can conceive of no rational basis for section 1170(d)'s disparate treatment of explicit LWOP offenders and functionally equivalent LWOP offenders. [Citation.]  Therefore, we agree with the *Heard* [and *Sorto*] court[s] that section 1170(d) violates the constitutional guarantee of equal protection by denying relief to juvenile offenders sentenced to functionally equivalent LWOP terms. . . .  [¶] Accordingly, we conclude the trial court erred by denying [Juarez]'s section 1170(d) petition . . . .  We express no opinion on whether [Juarez] has met section 1170(d)'s other requirements. Nor do we express an opinion on what relief the court should grant if it concludes [Juarez] is eligible for recall and resentencing.  On remand, the trial court shall consider those issues for the first time." (*People v. Sorto*, *supra*, 104 Cal.App.5th at p. 454.)

## DISPOSITION

The order finding Rigoberto Juarez ineligible for relief under section 1170, subdivision (d) is reversed. On remand, the court shall reconsider Juarez's petition in accordance with this opinion.

NOT TO BE PUBLISHED

                                                WEINGART, J.

We concur:

        BENDIX, Acting P. J.

        KLINE, J.*

---

*Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.